FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 MAR 27 P 3: 07

CLERK'S OFFICE
AT BALTIMORE

BY_____ _____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TYRONE C. WILLIAMS     *
Plaintiff     *
v     *     Civil Action No. RDB-13-2642
CORRECTIONAL MEDICAL SERVICES     *
Defendant     *
    ***

## MEMORANDUM OPINION

Pending are Plaintiff's Motions for Extension of Time and for Appointment of Counsel. ECF No. 16 and 17. Plaintiff seeks an unspecified extension of time to file a response to Defendant's pending Motion to Dismiss because he injured his Achilles tendon and cannot get to the materials needed to write the pleading. *Id.* For the reasons that follow, Plaintiff's motions shall be denied and the Complaint shall be dismissed.

Defendants allege, inter alia, that Plaintiff's claims are barred by the statute of limitations. ECF No. 12. Under the provisions of 28 U.S.C. §1915(e)(2) a case "shall be dismissed at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i)is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Claims that are barred by the applicable statute of limitations fall within the ambit of cases that must be dismissed under §1915(e)(2).

"Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: It is that which the State provides for personal-injury torts." *Wallace v. Kato,* 549 U.S. 384, 387 (2007), *citing Owens v. Okure,* 488 U.S. 235, 249-250, (1989); *Wilson v. Garcia,* 471 U.S. 261, 279-280, (1985). In Maryland the applicable statute of limitations is three years from the date of the occurrence. *See* Md. Cts & Jud. Proc. Code Ann.§

5-101.

Taking the allegations in the Complaint[1] as true, Plaintiff's cause of action accrued at different times. In May 2008 he injured his Achilles tendon and was treated for a sprained ankle; this claim expired in May 2011. From May 2008 to May 2009, Plaintiff claims he did not receive treatment for his ankle; this claim expired in May 2012. In July and August 2009, Plaintiff suffered a bacterial infection in his left toes; this claim expired in August 2012. In September 2009, Plaintiff's cast was removed in an untimely fashion; this claim expired in September 2012. Up to and including March 2010, physical therapy was discontinued; this claim expired prior to March 2013. The instant Complaint was filed on September 11, 2013, and is dated August 6, 2013. ECF No. 1 at p. 3. Even when the Complaint is considered filed as of the date it was signed by Plaintiff; the claims asserted are still time-barred. *See Houston v. Lack*, 487 U.S. 266 (1988). Additionally, Plaintiff previously litigated the claims asserted against Dr. Luis Rivera and was unsuccessful. *See Williams v. Rivera*, Civ. No. RDB-10-2251 (D. Md. 2010). Thus, the Complaint must be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff is reminded that under 28 U.S.C. §1915(g) he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." The Clerk shall be directed to flag this case with a "strike." A separate Order follows.

March 27 2014
Date

/s/ R.D. Bennett
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[1] *See* ECF No. 1 at pp. 3 – 4.